UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS WOLFF, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MAC TOOLS, INC., *et al.*, <br><br> Defendants. | Civ. No. 11-301-WJM <br><br> OPINION <br><br> HON. WILLIAM J. MARTINI |

### I.   Background

This matter comes before the Court on Defendant Stanley Black & Decker, Inc.'s ("SDB") Motion to Dismiss or Strike. Plaintiffs Chris Wolff, George Farmer, Bruce Metviner, Chance Clements, David Hammontree, and Jeremy Bishop bring this action against Defendants Mac Tools, Inc. ("Mac") and SDB. Plaintiffs allege that they were employees of Mac, a distributor of automotive tools and equipment, and that they worked six days a week and well in excess of sixty hours per week without receiving any overtime pay. Plaintiffs now seek three years worth of unpaid overtime and related damages in a two-count complaint charging the Defendants with violation of the Fair Labor Standards Act ("FLSA") in Count I, and violation of the Employee Retirement Income Security Act ("ERISA") in Count II.

SDB originally moved for dismissal of Count II, but after the motion was filed, Plaintiffs consented to dismissal of Count II with prejudice. Also after the motion was filed, Plaintiffs consented to the striking of the phrase "double overtime compensation" from Paragraph 36 of the Complaint. As such, the only live issue before this Court is whether to dismiss Mac from the action on the grounds that Mac is not a separate corporate entity amenable to suit. For the reasons discussed below, the Court will deny the motion with respect to Mac.

### II.   Legal Analysis

SDB argues that Mac is a division of SDB and not a separate corporate entity subject to suit. In support of their motion to dismiss, SDB attaches various forms of evidence it claims show that Mac is not a separate entity, including a certification from the Ohio Secretary of State identifying "Mac Tools" as a trade

1

name registered to "The Stanley Works." While Plaintiffs are correct that some of that evidence, such as the W-2s, is inappropriate for this Court to consider on a motion to dismiss, the Court may take judicial notice of the certification. *See, e.g.*, *Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1265 (C.D. Cal. 2010) (taking judicial notice of various certifications by Delaware Secretary of State); *Chappell & Co. v. 111 North Main Street, Inc.*, 2009 WL 149035, at *1 n.1 (N.D. Ohio May 26, 2009) (taking judicial notice of articles of incorporation filed with Ohio Secretary of State). SDB also offers its 10-K which it claims shows that Mac Tools is a trademark owned by SDB. While the Court may take judicial notice of the *content* of that document, it cannot assume the *truth* of any statements therein. *In re Cendant Corp. Litig.*, 60 F. Supp. 2d 354, 365 (D.N.J. 1999). Thus, the Court will disregard the 10-K in considering the present motion to dismiss.

Plaintiffs further argue that it is too early for this Court to dismiss Mac from the action because discovery has not yet occurred. I am aware of no law – and the Plaintiffs cite none – preventing the Court from dismissing a defendant prior to discovery where public records make clear that the defendant is not a proper party. That being said, SDB has not put forth sufficient evidence showing that Mac is not a separate legal entity. The certification regarding "Mac Tools" being a trade name suggests – but does not prove – that Mac is not a separate legal entity. And the "Mac Tools" trade name is registered to "The Stanley Works," which presumably has some relation to SDB, but the Court has no evidence before it explaining what that relationship might be. As such, the Court will deny SDB's request to dismiss all claims against Mac as premature.

### III. Conclusion

With the consent of the parties, the Court will grant the motion to dismiss Count II of the Complaint and grant the motion to strike with respect to Plaintiffs' reference to "double overtime compensation" and otherwise deny the motion.

An appropriate order follows.

                                                  /s/ William J. Martini
                                                **WILLIAM J. MARTINI, U.S.D.J.**